# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

22h 450
f56ad278

22h   450
37 Mis¹699

LENA A. STORY AND OTHERS, BY THEIR GUARDIAN, WILLIAM
E. STORY, APPELLANTS, v. ORANGE W. DAYTON, SUR-
VIVING ADMINISTRATOR, &C., OF SAMUEL STORY, DECEASED,
RESPONDENT.

*Surrogate—power of, to open a decree made by him—should be cautiously exer-
cised, and not simply for the purpose of reviewing his decision—his discretion in
respect thereto is reviewable on appeal— Guardian ad litem in surrogate's court
—qualifications of—laches in moving to open decree because an improper person
was appointed.*

APPEAL from a decree or order of the surrogate of Allegany
county, denying a motion to open a decree made by him on the
settlement of the accounts of the administrator of the estate of
Samuel Story, Jr., deceased.

The court, at General Term, said: "The power of a surrogate
to open his decree, on the ground of clear mistake, accident or
fraud, is undoubted. But the power should be cautiously exercised,
and it should never be used for the mere purpose of enabling the
surrogate to review his own decision. The only appropriate
method of review is by appeal.

"The appellants and moving parties in this case are the next of
kin of the intestate. They are minors, and one of the grounds on
which the surrogate was asked to open his decree was that the
guardian *ad litem*, who appeared for them on the settlement, was
a nephew of the attorney for the administrator, and a clerk in his
law office, and was appointed on his nomination. The statute does
not prescribe the qualifications of a guardian *ad litem*, in the sur-
rogate's court, but it is good practice to require the same qualifica-

tions as are required of a guardian *ad litem* for an infant defendant in this court. No person ought to be selected unless he be the general guardian of the infant, or an attorney of the courts of record, fully competent to understand and protect the rights of the infant, and who has no interest adverse to his, and is not connected in business with the attorney or counsel of the adverse party. And he should also be of sufficient ability to answer to the infant for any damage which may be sustained by his negligence or misconduct. (52 Rule of this court.) But it does not follow that an irregular appointment of a special guardian is *per se* ground for setting aside the decree on motion, after the time to appeal has expired. An application of that nature is addressed to the discretion of the surrogate. Doubtless his decision thereon may be reviewed, and may be reversed for a clear abuse of discretion. But in this case there are some considerations connected with the delay and change of circumstances that have taken place, which weigh strongly against opening the settlement at large. The accounting was had in May, 1876. In the fall of that year a general guardian was appointed for the infants, and although, as the respondent states in his affidavit, a copy of the accounting was then shown to and examined by him or his agent, and was for a long time in his possession, the motion to open the decree was not made until after the lapse of nearly two years, and no excuse is shown for the delay. Since the accounting, the administratrix, who was the mother of the infants, has died; the surviving administrator, who is the maternal grandfather of the infants, intimated in his affidavit that he is growing old and enfeebled in health and memory; and he alleges that some of the books and memoranda necessary for an accounting have been lost or destroyed. The intestate was a retail merchant, and his personal estate, which was inventoried at upwards of $16,000, consisted largely of a stock of goods, and book accounts and notes for small or moderate amounts. The petition presented to the surrogate, on the motion to open the accounting, contains general charges of negligence and improvidence in disposing of the goods and collecting the debts due to the estate, but nothing specific is stated in that respect. The fact appears that the goods were sold for more than they were inventoried at. In view of all the circumstances, we are not prepared to say that

the denial of the motion to set aside the entire accounting and to throw open the whole matter, was such an abuse of discretion as that, upon that ground alone, the decree should be set aside."

*Wilkes Angell*, for the appellant; *A. G. Rice*, of counsel.

*Loveridge & Swift*, for the respondents.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred except that in their opinion the respondent should be charged with costs in either event.

Order of surrogate reversed, and prayer of petitioner granted, with costs of this appeal to be paid by the respondent personally, unless the respondent will stipulate that the decree or final settlement may be amended in the particulars specified in the opinion herein, in which case the order appealed from is affirmed, with costs of this appeal to be paid by the respondent personally, and not out of the estate.